Michael Schumacher (#262403)
**RIGRODSKY & LONG, P.A.**
155 Jackson Street, #1903
San Francisco, CA 94111
Telephone: (415) 855-8995
Facsimile: (302) 654-7530
Email: ms@rl-legal.com

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD SCARANTINO, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STEADYMED LTD., KEITH BANK, RON GINOR, DONALD HUFFMAN, ELIZABETH CERMAK, STEPHEN FARR, BRIAN STARK, and JONATHAN RIGBY,<br><br>Defendants. | Case No. _____<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>JURY TRIAL DEMANDED |

Plaintiff, by and through his attorneys, alleges upon personal knowledge as to himself, and upon information and belief based upon, among other things, the investigation of counsel as to all other allegations herein, as follows:

## SUMMARY OF THE ACTION

1.     This action stems from a proposed transaction announced on April 30, 2018 (the "Proposed Transaction"), pursuant to which SteadyMed Ltd. ("SteadyMed" or the "Company") will be acquired by United Therapeutics Corporation ("Parent") and Daniel 24043 Acquisition Corp. Ltd. ("Merger Sub," and together with Parent, "United Therapeutics").

2.     On April 29, 2018, SteadyMed's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger

Agreement") with United Therapeutics.  Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by SteadyMed's shareholders, they will receive $4.46 in cash and one contractual contingent value right, which will represent the right to receive $2.63 in cash, for each share of SteadyMed common stock they own.

3.      On June 25, 2018, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES AND RELEVANT ENTITIES

8.      Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of SteadyMed common stock.

9.      Defendant SteadyMed is a company organized under the laws of Israel and

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

1   maintains offices in San Ramon, California and Rehovot, Israel.  SteadyMed's common stock is

2   traded on the NasdaqGM under the ticker symbol "STDY."  SteadyMed is a party to the Merger

3   Agreement.

4        10.     Defendant Keith Bank ("Bank") has served as Chairman of the Board of

5   SteadyMed since May 2012 and has served as a director of SteadyMed since February 2009.

6        11.     Defendant Ron Ginor ("Ginor") has served as a director of SteadyMed since

7   January 2009.

8        12.     Defendant Donald Huffman ("Huffman") has served as a director of SteadyMed

9   since February 2015.

10        13.     Defendant Elizabeth Cermak ("Cermak") has served as a director of SteadyMed

11   since July 2015.

12        14.     Defendant Stephen Farr ("Farr") has served as a director of SteadyMed since May

13   2012.

14        15.     Defendant Brian Stark ("Stark") has served as a director of SteadyMed since

15   February 2012.

16        16.     Defendant Jonathan Rigby ("Rigby") has served as President, Chief executive

17   Offiver, and a director of SteadyMed since August 2011.

18        17.     The defendants identified in paragraphs 10 through 16 are collectively referred to

19   herein as the "Individual Defendants."

20        18.     Non-party Parent is a Delaware corporation and a party to the Merger Agreement.

21        19.     Non-party Merger Sub is a Delaware corporation, a wholly-owned subsidiary of

22   Parent, and a party to the Merger Agreement.

23   **CLASS ACTION ALLEGATIONS**

24        20.     Plaintiff brings this action as a class action on behalf of himself and the other

25   public stockholders of SteadyMed (the "Class").  Excluded from the Class are defendants herein

26   and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

27        21.     This action is properly maintainable as a class action.

28

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

22.     The Class is so numerous that joinder of all members is impracticable.  As of April 26, 2018, there were approximately 26,582,910 shares of SteadyMed common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others, whether defendants violated the 1934 Act and whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26.     Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### Background of the Company and the Proposed Transaction

27.     SteadyMed is a specialty pharmaceutical company focused on the development of drug products to treat orphan and high value diseases with unmet parenteral delivery needs.

28.     The Company's lead drug product candidate is Trevyent, a development-stage drug-device combination product that combines SteadyMed's PatchPump technology with

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

treprostinil, a vasodilatory prostacyclin analogue to treat pulmonary arterial hypertension.

29.    SteadyMed has signed an exclusive license and supply agreement with Cardiome Pharma Corp. for the commercialization of Trevyent in Europe and the Middle East.

30.    In March 2018, Cardiome sublicensed its rights to sell Trevyent in Canada to Cipher Pharmaceuticals.

31.    SteadyMed has offices in San Ramon, California and Rehovot, Israel.

32.    On April 29, 2018, the Individual Defendants caused the Company to enter into the Merger Agreement with United Therapeutics.

33.    Pursuant to the terms of the Merger Agreement, if the Proposed Transaction is approved by SteadyMed's shareholders, they will receive $4.46 in cash and one contractual contingent value right, which will represent the right to receive $2.63 in cash, for each share of SteadyMed common stock they own.

34.    According to the press release announcing the Proposed Transaction:

United Therapeutics Corporation (NASDAQ:UTHR) and SteadyMed Ltd. (NASDAQ:STDY) announced today the signing of a definitive merger agreement under which United Therapeutics will acquire SteadyMed for $4.46 per share in cash at closing and an additional $2.63 per share in cash upon the achievement of a milestone related to the commercialization of Trevyent®. The transaction, including the $75 million in contingent consideration, is valued at $216 million.

SteadyMed is a specialty pharmaceutical company focused on the development and commercialization of drug product candidates to treat orphan and high-value diseases with unmet parenteral delivery needs. SteadyMed's product portfolio includes Trevyent, a development-stage drug-device combination product that combines SteadyMed's two day, single use, disposable PatchPump® technology with treprostinil, a vasodilatory prostacyclin analogue, for the subcutaneous treatment of pulmonary arterial hypertension (PAH). United Therapeutics is a leading biotechnology company focused on the development and commercialization of therapies for the treatment of PAH and other orphan diseases. . . .

The Board of Directors of SteadyMed has unanimously approved the merger agreement and unanimously recommends that SteadyMed shareholders adopt the merger agreement. SteadyMed shareholders owning approximately 43.3 percent of the ordinary shares of SteadyMed have entered into an agreement to vote their

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

shares in favor of the transaction.

The transaction is subject to customary closing conditions, including approval by SteadyMed's shareholders and the expiration or termination of the required waiting period under the Hart-Scott-Rodino Antitrust Improvements Act, and is expected to be completed in the third quarter of this year.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

35. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

36. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

37. First, the Proxy Statement omits material information regarding the Company's financial projections and the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Wedbush Securities Inc. ("Wedbush").

38. With respect to the Company's financial projections, the Proxy Statement fails to disclose, for all scenarios:  (i) all line items used to calculate EBITDA; (ii) all line items used to calculate unlevered free cash flow; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

39. With respect to Wedbush's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose the inputs and assumptions underlying the WACC range of 22.5% to 27.5%.

40. With respect to Wedbush's Public Comparable Companies Analysis, the Proxy Statement fails to disclose the multiples and financial metrics for the companies observed by Wedbush in the analysis.

41. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.  Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

also be fairly disclosed.

42.     Second, the Proxy Statement omits material information regarding potential conflicts of interest of Wedbush.

43.     The Proxy Statement fails to disclose the amount of compensation Wedbush will receive in connection with its engagement.

44.     The Proxy Statement also fails to disclose whether Wedbush has performed services for the parties to the Merger Agreement or their affiliates in the past three years, as well as the nature of such services and the amount of fees Wedbush received for such services.

45.     Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

46.     The omission of the above-referenced material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement:  (i) Background of the Transaction; (ii) Recommendation of the Board; Reasons for the Transaction; (iii) Opinion of Wedbush Securities Inc.; and (iv) Certain Financial Forecasts.

47.     The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SteadyMed

48.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

49.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  SteadyMed is liable as the issuer of these statements.

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

50.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.   By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

51.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

52.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

53.     The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

54.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

55.     Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## <u>COUNT II</u>

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

56.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

57.     The Individual Defendants acted as controlling persons of SteadyMed within the meaning of Section 20(a) of the 1934 Act as alleged herein.   By virtue of their positions as officers and/or directors of SteadyMed and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

statements that plaintiff contends are false and misleading.

58.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

59.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.    The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.    They were thus directly in the making of the Proxy Statement.

60.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

61.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.    By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.    As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.    Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.    In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

C.     Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.     Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.     Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.     Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: June 27, 2018                    **RIGRODSKY & LONG, P.A.**

                              By:  */s/ Michael Schumacher*
                                    Michael Schumacher (#262403)
                                    155 Jackson Street, #1903
                                    San Francisco, CA 94111
                                    Telephone: (415) 855-8995
                                    Facsimile: (302) 654-7530
                                    Email: ms@rl-legal.com

                                    300 Delaware Avenue, Suite 1220
                                    Wilmington, DE 19801
                                    Telephone: (302) 295-5310
                                    Facsimile: (302) 654-7530

                                    *Attorneys for Plaintiff*

COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934